

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212 710 3900
Facsimile: 212 710 3950
www.clydeco.us
andrew.harakas@clydeco.us

May 24, 2018

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: Robert Neuwirth and Amanda Neuwirth v. Finnair OYJ**
**Case No. 17-cv-4315 (VEC)**

Dear Judge Caproni:

Pursuant to Your Honor's May 11, 2018 Order (Docket Entry No. 52), Plaintiffs Robert Neuwirth and Amada Neuwirth (collectively, "Plaintiffs") and Defendants Finnair OYJ ("Finnair"), American Airlines, Inc. ("American"), and Swissport USA, Inc. ("Swissport") (collectively, "Defendants") respectfully submit this joint letter providing the Court with the status of the matter and how the parties would like to proceed.

## I. Status of the Matter

As Your Honor is aware, Plaintiffs' action arises from Plaintiff Robert Neuwirth's alleged slip and fall while walking in a jet bridge at Terminal 8 of John F. Kennedy International Airport to board a Finnair flight. Plaintiff Robert Neuwirth is alleged to have slipped on a metal strip located on the jet bridge, sustaining a left ankle fracture requiring surgery. The parties agree that the Montreal Convention exclusively governs Plaintiffs' claims with respect to defendants Finnair and Swissport. Plaintiffs contend that the Montreal Convention also governs its claims as against American under the circumstances of this case. Plaintiff further contends that, to the extent that the Montreal Convention does not cover its claims as against any defendant, liability as to any such defendant still attaches pursuant to New York State law.

Finnair conducted Plaintiffs' deposition and an IME of Plaintiff Robert Neuwirth. Plaintiffs conducted depositions of Finnair Area Manager Ossi Karuvarra and Finnair Purser Katri Albrecht. Mr. Karuvaara, an individual with personal knowledge of defendant Finnair's operations at JFK Airport, testified that American was responsible for maintaining the jet bridge and that Swissport operated the jet bridge. Ms. Katri Albrecht, a Purser standing at the entrance of the Finnair aircraft used for Plaintiffs' flight, witnessed the alleged incident and testified to not having responsibility in her own capacity as a Purser for Finnair with respect to conditions alleged to have caused Mr. Neuwirth's fall on the jet bridge.

Clyde & Co US LLP is a Delaware limited liability partnership with offices in Atlanta, New Jersey, New York, Newport Beach and San Francisco.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.


Fact discovery between Plaintiffs and Defendant Finnair closed on March 26, 2018. However, on March 6, 2018, all deadlines aside from the March 26, 2018 fact discovery deadline were cancelled with the granting of Plaintiffs' request to amend their Complaint and add Defendants American and Swissport.

## II. How the Parties Would Like to Proceed

***Fact Discovery.*** The parties respectfully request that Plaintiffs and Defendants American and Swissport be provided a 90-day fact discovery period to allow for the exchange of written discovery and depositions. Plaintiffs will seek to depose witnesses from both Swissport and American having knowledge with respect to the operation, cleaning, maintenance and repair practices relating to the gate and jet bridge which were in effect as of the date of the plaintiff's accident, as well as witnesses with knowledge with respect to responsibilities among the defendants for such activities; and further witnesses with knowledge with respect to the nature of the leasing arrangement relating to the use of gates at JFK Airport by and between Finnair and American. Defendants American and Swissport will not be seeking to re-depose Plaintiffs. Defendants American and Swissport may request that Plaintiff Robert Neuwirth undergo an IME.

***Expert Discovery.*** The parties respectfully request that the Court set Plaintiffs' deadline for expert disclosures 60 days after the close of fact discovery and Defendants' deadline for expert disclosures 30 days after Plaintiffs' deadline. Plaintiffs are seeking to have their expert engineer, Walter Konon, P.E. (who, it should be noted, has been previously disclosed as an expert witness in the Plaintiff's Rule 26 Disclosures served on all defendants), inspect the jet bridge and gate area in question during the course of expert discovery.

***Mediation.*** The parties have agreed to explore resolving this action through mediation after the close of fact discovery. The parties respectfully request that the Court schedule a settlement conference before Magistrate Judge James L. Cott to occur shortly after the close of fact discovery.

***Dispositive Motions.*** At the close of discovery, Defendants Finnair and Swissport will explore motions for summary judgment asserting that they are not liable to Plaintiffs because Plaintiff Robert Neuwirth's alleged injuries were not the result of an "accident" under Article 17.1 of the Montreal Convention as there is no evidence of an "unexpected or unusual event or happening" external to Mr. Neuwirth that caused Mr. Neuwirth's alleged fall. In the alternative, Finnair and Swissport will seek partial summary judgment asserting, as a matter of law, that liability under the Montreal Convention should be limited under Article 21 to approximately US $160,000 because neither Finnair nor Swissport's negligence caused Mr. Neuwirth's injuries. Plaintiffs contend that any such motions for summary judgment would not be meritorious.

Likewise, it is Defendant American's position that it did not maintain the jet bridge at issue and will also explore moving for summary judgment asserting that it is not liable to Plaintiffs under the Montreal Convention and New York law. Plaintiffs contend that any such motions for summary judgment would not be meritorious; and that, in any case American is a proper defendant with liability under the Montreal Convention.

Respectfully yours,

Robert Wolff with permission

Robert H. Wolff
Jesse M. Minc
Rosenberg, Minc, Falkoff & Wolff, LLP
122 East 42nd Street, Suite 3800
New York, New York 10168
Tel: (212) 697-9280
Email: Rwolff@rmfwlaw.com

Attorneys for Plaintiffs
Robert Neuwirth and Amanda Neuwirth

Andrew J. Harakas

Andrew J. Harakas
Philip R. Weissman
Clyde & Co US LLP
405 Lexington Avenue, 16th Floor
New York, New York 10174
Tel: (212) 710-3900
Email: andrew.harakas@clydeco.us

Attorneys for Defendant
Finnair OYJ

Roberta Miranda with permission

Roberta Miranda
Fitzpatrick & Hunt, Pagano, Aubert, LLP
Twelve East 49th Street, 31st Floor
New York, New York 10017
Tel: (212) 937-4000
Email: roberta.miranda@fitzhunt.com

Attorneys for Defendant
Swissport USA, Inc.

David Rutherford with permission

David S. Rutherford
Rutherford & Christie LLP
800 Third Avenue, 9th Floor
New York, New York 10022
Tel: (212) 599-5799
Email: dsr@rutherfordchristie.com

Attorneys for Defendant
American Airlines, Inc.